PETITION FOR REVIEW DIS-
MISSED.

Amarjit SINGH, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73991.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

George T. Heredis, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Isaac R. Campbell, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Amarjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his application for asylum, withholding of deportation and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence the BIA's adverse credibility finding. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition.

Substantial evidence supports the BIA's adverse credibility finding because Singh's testimony contained inconsistencies on matters going to the heart of his asylum claim including the nature of his medical treatment following his last arrest and the mistreatment he suffered. *See id.* at 1043. In light of the adverse credibility finding, Singh failed to establish eligibility for relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003) (an adverse credibility finding may be dispositive of an applicant's eligibility for asylum, withholding of removal, and relief under the Convention Against Torture).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Singh's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.